# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

         Plaintiff,

v.

MICHAEL DANIELS,

         Defendant.

Case No. 90-CR-42-2-JPS

**ORDER**

  On September 15, 2017, defendant Michael Daniels ("Daniels") filed a motion pursuant to Federal Rule of Criminal Procedure 36 to "[c]orrect his Presentence Investigation Report ("PSR") based on the inaccurate information" therein. (Docket #582). He states that the PSR wrongly classified him as a career offender and he asks that it be revised. *Id.* at 3.

  Daniels filed a motion in this Court seeking the same relief in January 2015, (Docket #544), and the Court dismissed it as an unauthorized successive motion under 28 U.S.C. § 2255, (Docket #545). Daniels appealed that dismissal, and the Court of Appeals affirmed. (Docket #568). His instant petition must be dismissed for the same reason.

  As this Court and the Court of Appeals have already explained to Daniels, his classification in the PSR as a career offender is a substantive matter not subject to Rule 36's allowance for correction of clerical errors. (Docket #545 at 2 and #568); *see also United States v. Williams*, 777 F.3d 909, 910 (7th Cir. 2015). Daniels' request is more properly construed as a collateral attack over which this Court lacks jurisdiction because Daniels has already filed several such attacks and has not received permission from

the Court of Appeals to file another. *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

For those reasons, the Court is obliged (again) to dismiss another of Daniels' Section 2255 motions for want of jurisdiction. The Court is also obliged to deny a certificate of appealability in this case, as Daniels has not made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c). Nor would "jurists of reason . . . find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Narvaez v. United States*, 674 F.3d 621, 627 (7th Cir. 2011) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Accordingly,

**IT IS ORDERED** that the defendant's motion to correct his Presentence Investigation Report (Docket #582), which is construed as a successive Section 2255 motion, be and same is hereby **DISMISSED for want of jurisdiction**;

**IT IS FURTHER ORDERED** that the defendant's motion to expedite a ruling (Docket #584) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that a certificate of appealability of this Order be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 11th day of April, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge